## AFFIDAVIT

I, Colleen Finn, Special Agent (SA), Federal Bureau of Investigation (FBI), having first been duly sworn, depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application for the issuance of a seizure warrant to seize any and all funds, up to $101,375.00 in Commerce Bank of Arizona account number 4000048747, held in the name of KC Taft Environmental Consulting (KCTEC), doing business as (dba) Kenneth C. Taft.  Such funds are believed to be the proceeds of violations Title 18 U.S.C. § 1343 (Wire Fraud) and/or 18 U.S.C. § 1956 and/or 1957 (Money Laundering) and are therefore subject to seizure pursuant to 18 U.S.C. § 981(b) and 21 U.S.C. §853(f) and are subject to forfeiture pursuant to Title 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and (a)(2).

## BACKGROUND OF AFFIANT

2. I am a SA with the FBI in Tucson, Arizona.  I have been an FBI SA since August 01, 2021. Prior to being an FBI SA, I was employed as an FBI Intelligence Analyst since January 10, 2016.

3. In my capacity as an SA with the FBI, I have conducted and participated in numerous official investigations into various frauds, including frauds conducted through the internet.  I am a graduate of the FBI Training Academy in Quantico, Virginia and have also attended advanced training classes in the areas of fraud and other white collar crimes.

4. The facts supporting this affidavit were obtained through information from interviews, analyzing financial information from banks, and from the Small Business Administration (SBA).

**FACTS**

5. On March 22, 2022, FBI Senior Financial Investigator (SFI) Timothy Fitzsimmons and I interviewed Kenneth C. Taft, age 78, of Green Valley, Arizona. Taft stated he met "Linda Smith" on an online dating site in late December 2021 or early January 2022. They communicated via email, telephone, and text and have never met in person or over video. Taft considers Smith to be his fiancé. Taft described Smith having an accent, approximately 20 years younger than Taft, and lived in California. Smith explained to Taft she received her accent from college in Austria. Smith said her father was born in Minnesota but was a government contractor who lived in the Middle East. Smith said she came to the United States to assist her now-deceased father in business where they bought and sold sculptures for construction projects.

6. Taft stated he was previously employed as an environmental analyst and permit administrator. Smith hinted to Taft he should open his own business, so Taft opened KC Taft Environmental Consulting (KCTEC). Records from the Arizona Secretary of State reveal Taft incorporated KCTEC on January 31, 2022, for "Environmental Impact Assessment Consulting." Smith introduced Taft to "Danny Moncibaiz," as the owner of V-M Express Incorporated (VMEI), located in Texas. Taft said Moncibaiz was a friend of Smith's and a business associate of Smith's (deceased) father, and that he and Moncibaiz only communicated through Smith.

7. At the direction of Smith and Moncibaiz, Taft opened a KCTEC business account with Commerce Bank of Arizona at the end of January 2022/early February 2022 for the purpose of partnering with Moncibaiz/VMEI. Smith advised Taft he would receive money into the KCTEC business account for Smith's projects. Taft received approximately $195,000 into the business account, but Taft was unaware the money was for an SBA loan. Smith advised Taft to send the money via Bitcoin to a specified wallet number and Taft stated he transferred approximately $85,000 to $95,000 to Smith in this manner. On March 21, 2022, Smith told Taft she was having

trouble paying rent, so Taft transferred approximately $2,000 from the KCTEC account to Smith via cryptocurrency to a wallet designated by Smith. Taft did not receive any other money from Smith and believes the remaining $100,000 is frozen in the Commerce Bank of Arizona account. Taft conducted the afore-described financial activity in the Green Valley area, in the District of Arizona.

8. Commerce Bank of Arizona records corroborate Taft's statement regarding the funds in the KCTEC account. On February 17, 2022, Taft opened Commerce Bank of Arizona business account 4000048747 in the name of KC Taft Environmental Consulting, dba Kenneth C. Taft, with a $100.00 opening credit. On March 9, 2022, Taft deposited a $1,000.00 check from his bank account at Hughes Federal Credit Union, bringing the account balance to $1,100.00. On March 10, 2022, a $195,300.00 SBA-Economic Injury Disaster Loan (EIDL) was credited to the account, bringing the balance to $196,400.00. On March 11, 2022, $95,000.00 was wire transferred out and with a $25.00 wire fee (for a total of $95,025.00) from the KCTEC account, leaving a balance of $101,375.00.

9. Transaction history showed the SBA-EIDL deposit of $195,300.00 and the $1,100.00 from Taft's personal funds were the only credits to the account, and $95,025.00 was transferred out of the account on March 11, 2022, leaving a balance of $101,375.00. Subsequently, Commerce Bank of Arizona froze Taft's KCTEC business account with $101,375.00 remaining balance. These funds represented what was left of the SBA-EIDL loan money fraudulently obtained. SFI Fitzsimmons verified with Office of Inspector General-Small Business Administration (OIG-SBA) SA Jonathan Huang the $195,300.00 deposited into the Commerce Bank of Arizona account was from an SBA-EIDL loan. SA Haung informed SFI Fitzsimmons the SBA did not have a forfeiture mechanism and requested the FBI forfeit the remaining funds so that they could eventually be returned to the SBA through the FBI's forfeiture procedures.

10. Based on the information contained in this affidavit, there is probable cause to believe up to $101,375.00 in funds in Commerce Bank of Arizona account number 4000048747, held in the name of KC Taft Environmental Consulting, dba Kenneth C. Taft, located at Commerce Bank of Arizona, 7315 North Oracle Road, Suite 181, Tucson Arizona 85704, are proceeds traceable to violations of 18 U.S.C. § 1343 (Wire Fraud) and 18 U.S.C. §§ 1956 and/or 1957 (Money Laundering). As such, the above-described property is subject to seizure pursuant to 18 U.S.C. §981(b) and 21 U.S.C. §853(f) and subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and (a)(2).

11. An order under Title 21, United States Code, Section 853(e) may not be sufficient to ensure the availability of the properties for forfeiture because there is reason to believe the properties are in the custody of a financial institution, which custodian cannot reasonably be relied on to abide by an order to maintain the property in substantially the same condition as it is at the present time in order that it will be available for forfeiture, because despite orders pursuant to Section 853(e), financial institutions have released funds.

12. I swear, under penalty of perjury, that the foregoing is true and correct.

COLLEEN FINN
Digitally signed by COLLEEN FINN
Date: 2022.05.12 08:14:35 -07'00'

Colleen Finn, Special Agent
FBI

Sworn and subscribed to telephonically before me this 12th day of May, 2022.

Jacqueline Rateau
United States Magistrate Judge